FILED
July 28, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Breanna Coldewey
DEPUTY

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT TEXAS
SAN ANTONIO DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**RODOLFO HERNANDEZ-VILLANUEVA,**

*Defendant.*

**Case No. 5:18-CR-00061-RCL**

**MEMORANDUM ORDER**

Defendant Rodolfo Hernandez-Villanueva ("Villanueva") moves *pro se* for compassionate release pursuant to 18 U.S.C § 3582(c)(1)(A)(i) and the Eighth Amendment. Def.'s Mot. 1, ECF No. 212. The government opposes. Gov. Opp'n 1, ECF No. 214. After considering the motion, the government's response, and applicable law, this Court **DENIES** Villanueva's motion.

## I. BACKGROUND

On February 12, 2020, a jury found Villanueva guilty of conspiracy to distribute cocaine, possession with intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking offense. *See* Verdict, ECF No. 174. This Court subsequently sentenced Villanueva to 157 months of imprisonment. *See* Judgment, ECF No. 179. Villanueva appealed his convictions, which were affirmed by the Fifth Circuit. *See* ECF No. 211. Shortly after his convictions were affirmed, Villanueva filed a motion for sentence modification. Def.'s Mot. 1.

In his current motion, Villanueva moves for a sentence modification under 18 USC § 3582(c)(1), the Eighth Amendment,[1] and "in response to COVID-19 pandemic conditions." *Id.*

[1] Defendant references the Eighth Amendment in passing. However, a compassionate release motion is not the proper vehicle for an Eighth Amendment claim, and so the Court will not address this argument.

Villanueva argues that COVID-19, combined with his obesity, hypertension, enlarged heart, sleep apnea, and angina, constitutes an extraordinary and compelling circumstance warranting compassionate release. *Id.* Although Villanueva is fully vaccinated, he maintains "that his receiving a vaccine does not overcome the unsafe conditions at Oakdale FCI II prison camp." *Id.* at 4. Villanueva requests that this Court allow him to serve the remainder of his sentence on supervised release. *Id.* at 1.

The government opposes Villanueva's motion on three grounds: (1) that Villanueva failed to demonstrate that extraordinary and compelling circumstances justify a sentence reduction; (2) that Villanueva failed to show that he is no longer a danger to the community; and (3) Villanueva failed to show that how the 18 USC § 3553(a) factors favor sentence reduction. Gov. Opp'n 1.

## II. LEGAL STANDARD

A defendant seeking a sentence reduction under 18 U.S.C § 3582(c)(1)(A) has to demonstrate (1) that he has exhausted all of his administrative remedies with the Bureau of Prisons ("BOP"), (2) that "extraordinary and compelling reasons" justify modification, and (3) that modification is favored under the factors identified in 18 U.S.C § 3353(a). *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). If a court does not find extraordinary and compelling circumstances warranting compassionate release, that court must deny the defendant's motion. *Thompson,* 984 F.3d at 433.

Although not dispositive, the United States Sentencing Guidelines are instructive regarding what reasons may be sufficiently classified as "extraordinary and compelling." *Thompson,* 984 F.3d at 433. These reasons include medical conditions, age, and family circumstances. *Id.* For a medical condition to constitute an extraordinary and compelling reason warranting release, the

defendant must have "either a terminal illness or a condition that substantially diminishes the ability of the defendant to provide self-care." *Id.*; *see* U.S.S.G. § 1.B1.13 cmt. n.1(A)–(D) (2018).

## III. DISCUSSION

Villanueva's motion is properly before this Court—both parties agree he has exhausted his administrative remedies. *See* ECF No. 212-1; Gov. Opp'n 4. However, Villanueva's argument that his chronic medical conditions, coupled with COVID-19 and the conditions of his imprisonment, constitute "extraordinary and compelling reasons" justifying sentence modification falls short. Accordingly, this Court will deny Villanueva's motion without considering the § 3553(a) factors.

In his motion, Villanueva does not assert that his medical conditions substantially effect his ability to care for himself, nor does he allege that his conditions are terminal. Instead, Villanueva argues that his medical conditions make him more susceptible to negative consequences or death from COVID-19. Def.'s Mot. 4. The Court does not find that these reasons are extraordinary and compelling.

First, not all of Villanueva's health conditions put him at risk for COVID-19. Villanueva argues that he suffers from obesity, hypertension, enlarged heart, sleep apnea, depression, and angina. Def.'s Mot 1. Of these conditions, the Center for Disease Control ("CDC") only recognizes two–obesity and depression—as underlying health conditions that increase the risk of a severe COVID-19 outcome. Underlying Medical Conditions Associated with Risk of Severe COVID-19: Information for Healthcare Professionals, Center for Disease Control (last updated June 15, 2022), *available at* https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html.

But Villanueva is fully vaccinated, *see* Def.'s Mot 3, which substantially reduces his risk of contracting a serious case of COVID-19. According to the CDC, vaccinations significantly

reduce the risk of COVID-19 infections for both those with and without underlying health conditions. CDC COVID-19 Study Shows mRNA Vaccines Reduce Risk of Infection by 91 Percent for Fully Vaccinated People, Center for Disease Control (July 15, 2022), *available at* https://www.cdc.gov/media/releases/2021/p0607-mrna-reduce-risks. Villanueva's vaccination status therefore greatly mitigates his "risk of contracting COVID-19 or experiencing complications related to the COVID-19 infection." *See United States v. Beltran*, No. 6:16-cr-00004 (JDR), 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (citing *United States v. Isidaehomen*, No. 3:16-cr-0240 (JJB), 2021 WL 243458, at *3 (N.D. Tex. Jan 25, 2021)). Like other courts in the Fifth Circuit, this Court finds that because of Villanueva's vaccination status, his health conditions are not extraordinary and compelling reasons warranting release. *Id.*

Furthermore, courts have refused to grant compassionate release to defendants with similar conditions as Villanueva when they do not "substantially" diminish a defendant's ability to care for himself. *See Thompson*, 984 F. 3d at 433 (affirming a district court's decision that hypertension and high cholesterol were not extraordinary and compelling reasons); *United States v. Anderson*, 2022 WL 2072864, at *3 (5th Cir. June 9, 2022) (per curiam) (affirming that diabetes, hypertension, asthma, and chronic kidney disease do not constitute extraordinary or compelling circumstances warranting compassionate release). Villanueva does not contend that his conditions diminish his ability for self-care. Therefore, the Court does not find Villanueva's medical conditions extraordinary or compelling.

Finally, the Court is unpersuaded by Villanueva's argument that extraordinary and compelling circumstances exist due to the threat of COVID-19 at FCI Oakdale prison camp and the camp's inability to manage the spread of COVID-19. Def.'s Mot. 2. Although the Court recognizes Villanueva's concerns, it cannot find that extraordinary and compelling circumstances

exist based on the "general concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison." *United States v. Raymer*, No. 4:17-cr-153 (MAC), 2020 WL 3451855, at *3 (E.D. Tex. June 23, 2020) (quoting *United States v. Vasquez*, No. 2:18-cr-182 (JDR), 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020)).

Because Villanueva has failed to demonstrate "extraordinary and compelling" reasons that warrant compassionate release, the Court will deny his motion without considering whether the § 3553(a) factors favor a sentence reduction.

## IV. CONCLUSION

For the reasons above, the Court **DENIES** Villanueva's motion.

**IT IS SO ORDERED.**

Date: July 28, 2022

Royce C. Lamberth
Royce C. Lamberth
Unites States District Judge